UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DAVID CONRAD,                       :
                                    :    Civ. No. 21-8462 (NLH)(AMD)
          Plaintiff,                :
                                    :
     v.                             :
                                    :
ABIGAIL LOPEZ DE LASALLE,           :    OPINION
et al.,                             :
                                    :
          Defendants.               :
_____:

Appearance:

David Conrad
18317-424
Fairton Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

     Plaintiff pro se

HILLMAN, District Judge

   I.   INTRODUCTION

     Plaintiff is a federal inmate currently incarcerated at

F.C.I. Fairton in Fairton, New Jersey.  He is proceeding pro se

with a complaint filed pursuant to Bivens v. Six Unknown Named

Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Previously, this Court administratively terminated this case as

Plaintiff's application to proceed in forma pauperis was

incomplete.  See ECF No. 2 & 3.  Subsequently, Plaintiff filed

another in forma pauperis application.  See ECF No. 5.

Accordingly, the Clerk will be ordered to reopen this case.

Plaintiff's most recent in forma pauperis application is granted.

At this time, this Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the complaint will be proceeded in part and dismissed without prejudice in part.

II.  BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion.  Plaintiff names the following Defendants in his complaint:

1. Abigail Lopez De Lasalle – Clinical Director and M.D. at F.C.I. Fairton
2. Kayla Fuller – Physician's Assistant/Nurse at F.C.I. Fairton
3. Kyle Knowles – Physician's Assistant/Nurse at F.C.I. Fairton
4. Ms. Hansen – Health Services Administrator at F.C.I. Fairton
5. Diane Sommer – Clinical Director at F.C.I. Fairton
6. Thomas E. Bergami – Warden of F.C.I. Fairton
7. Jose R. Ruiz – Contractor Doctor

Plaintiff received a gunshot wound to his leg in 2005 and suffers from chronic health issues as a result.  See ECF No. 1 at 4.  After multiple surgeries on his leg, Plaintiff suffers from neuropathy – toes curled under, walking or paralyzed toes, as well as nerve damage.  See id.

2

Plaintiff is in constant pain which has caused him to be treated with specialized medicines.  See id.  These prescribed medications have included Lyrica, Nurontin, Percacete/Oxycodone and time release morphine sulfate.  See id. at 5.  While incarcerated, contracted doctors have recommended these treatments for Plaintiff along with special medical shoes, diabetic socks and physical therapy.  See id.  Indeed, on July 7, 2020, Defendant Ruiz recommended multiple medications and care for Plaintiff to Defendants De Lasalle, Knowles and Fuller. See id.  Ruiz concluded that without care and medication, Plaintiff was in terrible pain.  See id. at 6.  However, Defendant De Lasalle blocked all care, medication and treatments.  See id. at 5.  Additionally, Fuller and Knowles ignored Ruiz's recommended treatments when Plaintiff visited them.  See id.  Plaintiff also asserts Sommer and Hansen have blocked his treatments even though they know he is in pain.  See id. at 8.  For example, Plaintiff alleges Hansen has seen Plaintiff on several occasions and showed her his injuries, but she never has helped Plaintiff.  See id. at 11.  Plaintiff also states he has been in solitary confinement which further leads to the pain he is suffering.  See id. at 9.

Plaintiff also brings various allegations against Warden Bergami.  More specifically, Plaintiff explains:

> Warden Bergami refused to provide inmates in
> SHU with law computer as it says "Broken"
> despite requests by inmates with active
> cases.  Remedies are "lost," and people who
> complain are punished with excessive force
> first, not care or compassion.  He allows no
> M.D. on site putting the whole prison at
> risk, allows staff in the SHU to use
> chemical mace or physical force without
> administrative authorization, and allows the
> physical and psychological torture of
> inmates.  The result is harm, suicide, or
> death as inmates asking for care have
> committed suicide during COVID19, (inmate
> Julian Garcia)[.]  Warden Bergami doesn't
> care about us.

See id. at 10.

Plaintiff seeks monetary damages and injunctive relief.

See id. at 12, 14.

Plaintiff submitted supplemental information as well as a

request for a temporary restraining order/injunction after

filing his complaint.  See ECF No. 6.  Plaintiff makes clear

that he is not seeking to file an amended complaint.  See id. at

1.  Instead, he seeks the following temporary injunctive relief:

1. Not be placed on any phone restrictions
2. Not be placed in the SHU for anything related to using
   Suboxone
3. Order the Warden to provide medications ordered on July 29,
   2020
4. Order the BOP to calculate all the lost goodtime credits to
   Plaintiff for his "self-care" in taking Suboxone or other
   opiate pain medications
5. Order Plaintiff be seen by a podiatry doctor as soon as
   possible
6. Order Plaintiff not be transferred other than to a medical
   prison that is safe for a person with a sex-change to be in
   population

7. That the court review: (1) cruel and unusual conditions associated with COVID-19; (2) incorrect sentencing guidelines that gave Plaintiff 198-month sentence despite the maximum being 120 month; (3) Plaintiff's attorney being indicted and charged; (4) Plaintiff was charged in violation of double jeopardy such that Plaintiff should be resentenced

8. Review the Warden's policy using solitary confinement as a punishment for drug tests.

III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions. See 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l));

Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)

(discussing 28 U.S.C. § 1915A(b)).  That standard is set forth

in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), as explicated by the

United States Court of Appeals for the Third Circuit.  To

survive the court's screening for failure to state a claim, the

complaint must allege 'sufficient factual matter' to show that

the claim is facially plausible.  See Fowler v. UPMC Shadyside,

578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim

has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Fair

Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir.

2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that

offers 'labels or conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'"  Iqbal, 556 U.S. at

678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed.

See Haines v. Kerner, 404 U.S. 519 (1972).  Nevertheless, "pro

se litigants still must allege sufficient facts in their

complaints to support a claim."  Mala v. Crown Bay Marina, Inc.,

704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

IV.  DISCUSSION

A. Medical Care Claims Against Lopez De Lasalle, Fuller,
   Knowles, Hansen and Sommer

Plaintiff sues Defendants pursuant to Bivens for violating
his rights under the Eighth Amendment to be free from cruel and
unusual punishment.  The Supreme Court has recognized a Bivens
remedy for violations of the Eighth Amendment right to adequate
medical care.  See Carlson v. Green, 446 U.S. 14 (1980).

> For the delay or denial of medical care to
> rise to a violation of the Eighth
> Amendment's prohibition against cruel and
> unusual punishment, a prisoner must
> demonstrate "(1) that defendants were
> deliberately indifferent to [his] medical
> needs and (2) that those needs were
> serious." Rouse v. Plantier, 182 F.3d 192,
> 197 (3d Cir. 1999).  Deliberate indifference
> requires proof that the official "knows of
> and disregards an excessive risk to inmate
> health or safety." Natale v. Camden Cnty.
> Corr. Facility, 318 F.3d 575, 582 (3d Cir.
> 2003) (quoting Farmer v. Brennan, 511 U.S.
> 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811
> (1994)).  We have found deliberate
> indifference where a prison official: "(1)
> knows of a prisoner's need for medical
> treatment but intentionally refuses to
> provide it; (2) delays necessary medical
> treatment based on a nonmedical reason; or
> (3) prevents a prisoner from receiving
> needed or recommended treatment." Rouse,
> 182 F.3d at 197. Deference is given to
> prison medical authorities in the diagnosis
> and treatment of patients, and courts
> "disavow any attempt to second-guess the
> propriety or adequacy of a particular course
> of treatment ... (which) remains a question
> of sound professional judgment." Inmates of
> Allegheny Cnty. Jail v. Pierce, 612 F.2d
> 754, 762 (3d Cir. 1979) (quoting Bowring v.

> Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).
> Allegations of negligent treatment or
> medical malpractice do not trigger
> constitutional protections.  Estelle v.
> Gamble, 429 U.S. 97, 105-06, 97 S. Ct. 285,
> 50 L. Ed. 2d 251 (1976).

Pierce v. Pitkins, 520 F. App'x 64, 66 (3d Cir. 2013).

Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." McCluskey v. Vincent, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted).  "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Mitchell v. Beard, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting Monmouth Cnty. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987))).

In light of Plaintiff's allegations of severe and persistent pain coupled with an allegation that a doctor's prescribed course of treatment for that pain was rejected, this Court will permit Plaintiff's deliberate indifference to his serious medical needs claim to proceed against Lopez De Lasalle, Fuller, Knowles, Hansen and Sommer.

B. Ruiz

Plaintiff also seeks to bring a deliberate indifference claim against Ruiz.  The complaint alleges Ruiz, an outside contracted doctor, prescribed the medication and medical care Plaintiff apparently seeks.  Nevertheless, Plaintiff sues Ruiz because he purportedly failed to return to a scheduled appointment to see if prison staff followed up on the treatments he had prescribed.

Plaintiff fails to state Ruiz was deliberately indifferent to his serious medical needs.  Ruiz's purported failure to see that his orders were carried out at most amounts to negligence, which is insufficient to state a deliberate indifference claim. See Norwood v. Ghosh, 723 F. App'x 357, 366 (7th Cir. 2018) ("The record here might support a claim that P.A. Williams was negligent in failing to supervise the follow-through on her orders better, but we do not see a basis for finding that her actions (or failures to act) amounted to deliberate indifference.") Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).  Accordingly, Plaintiff's claim against Ruiz is dismissed without prejudice for failure to state a claim.

C. Bergami

This Court construes Plaintiff as bringing the following claims against Warden Bergami: (1) access to courts; (2) deliberate indifference to Plaintiff's serious medical needs; and (3) excessive force.

i.   Access to Courts

Plaintiff alleges Bergami refuses to provide inmates in the Special Housing Unit ("SHU") with a working law computer.  See ECF No. 1 at 10.  He states this causes inmates with active cases to lose remedies.  See id.

To allege an access-to-the-courts claim, a prisoner is required to show that the denial of access caused actual injury. Jackson v. Whalen, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting Lewis v. Casey, 518 U.S. 343, 350 (1996)).  An actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Plaintiff makes no allegation of a non-frivolous or arguable claim that he personally lost because of the lack of a law computer in the SHU.  Thus, this claim against Bergami is dismissed without prejudice for failure to state a claim.[1]

ii.   Deliberate Indifference to Plaintiff's Serious Medical Needs

Next, Plaintiff sues Bergami for his deliberate indifference to his serious medical needs.  More specifically,

---

[1] Because plaintiff fails to state a claim related to access to court, this Court need not engage in an analysis of whether such a claim may be properly brought under Bivens.

Plaintiff alleges Bergami is liable because there is no on-site medical doctor.

As indicated above, Ruiz, an outside doctor, examined and prescribed Plaintiff medication and care.  That Plaintiff alleges there was no on-site doctor in and of itself does not sufficiently allege Bergami was deliberately indifferent to Plaintiff's serious medical needs given that Plaintiff was in fact seen by a doctor for his ailments.  Plaintiff fails to allege a connection between the lack of an on-site medical doctor with the purported deliberate indifference on Bergami's part to Plaintiff's serious medical needs.  Accordingly, this claim is dismissed without prejudice for failure to state a claim.

iii. Excessive Force

Finally, Plaintiff alleges Bergami is liable under an excessive force theory because he permits staff in the SHU to use chemical mace and physical force without administrative authorization.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency.  See Hudson v. McMillian, 503 U.S. 1, 8 (1992).  When reviewing Eighth Amendment excessive force claims, the court must determine whether the "force was applied in a good-faith effort to

maintain or restore discipline, or maliciously and sadistically
to cause harm." Id. at 7.  Whether the force applied was
excessive requires the examination of several factors including:

> (1) the need for the application of force;
> (2) the relationship between the need and
> the amount of force that was used; (3) the
> extent of injury inflicted; (4) the extent
> of the threat to the safety of staff and
> inmates, as reasonably perceived by
> responsible officials on the basis of the
> facts known to them; and (5) any efforts
> made to temper the severity of a forceful
> response.

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting
Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Plaintiff's allegations against Bergami for the purported
use excessive force lack facial plausibility and are conclusory.
Indeed, Plaintiff does not allege that any excessive force was
purportedly used against him.  Instead, his allegations only
allege in a general sense that excessive force is used in the
SHU.  This is insufficient to state an excessive force claim
with the required facial plausibility.  See Kelly v. City of
Newark, No. 17-0498, 2018 WL 1378727, at *7 (D.N.J. Mar. 16,
2018) (dismissing excessive force claim because the court was
"unable to identify concrete allegations or assertions regarding
excessive use of force, beyond the mere contention that certain
defendants acted with 'excessive force' at some unspecified
time").  Therefore, this claim against Bergami is dismissed

without prejudice for failure to state a claim upon which relief may be granted.[2]

iv.  Request for TRO/Preliminary Injunctive Relief

Finally, Plaintiff seeks a TRO/preliminary injunctive relief.  To obtain preliminary injunctive relief, the moving party must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction.  See Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017).

The Third Circuit has clarified the standard for granting a preliminary injunction, explaining that "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief."  Id. at 179. "If these gateway factors are met, a court then considers the remaining

---

[2] Because plaintiff fails to state a claim related to excessive force against Bergami, this Court need not engage in an analysis of whether such a claim can be raised under Bivens.  See Figaro v. Pistro, No. 21-2346, 2021 WL 2577071, at *3 (E.D. Pa. June 22, 2021) (noting the Third Circuit has yet to determine whether an excessive force claim is cognizable under Bivens).

two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." Id. A request for injunctive relief in the prison context must be "viewed with considerable caution." Rush v. Corr. Med. Servs., Inc., 287 F. App'x 142, 144 (3d Cir. 2008).

At the outset, to the extent Plaintiff seeks preliminary injunctive relief outside of his medical care claims, he has not shown a likelihood of success on the merits. Initially, some of the relief Plaintiff seeks is not properly sought in a civil complaint. For example, Plaintiff seeks this Court to review the loss of goodtime credits from a prison disciplinary proceeding as well as have this Court review his underlying criminal sentence. Such claims for relief are proper in habeas proceedings under 28 U.S.C. § 2241 and § 2255 respectively, not a civil complaint. See Bower v. Price, No. 17-1473, 2018 WL 1334985, at *5 (M.D. Pa. Mar. 15, 2018) (citing Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); United States v. Eakman, 378 F.3d 294 (3d Cir. 2004))("[T]he proper mechanism for Plaintiff to challenge his disciplinary proceedings that resulted in the loss of good-time credits is a habeas corpus petition pursuant to 28 U.S.C. § 2241."); see also Mote v. Sempa, 804 F. App'x 191, 192 (3d Cir. 2020) (citing In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) ("[T]he proper

avenue for presenting a collateral challenge to a federal conviction or sentence is a § 2255 motion.").

Next, Plaintiff fails to show a likelihood of success on the merits on his other claims outside of his medical care. Indeed, His medical care claims are the only ones that have survived past screening.  Thus, to the extent Plaintiff is seeking preliminary injunctive relief on other claims, he fails to show a likelihood of success on the merits.

Nevertheless, this Court has completed its review of the complaint under 28 U.S.C. § 1915 and permitted Plaintiff's deliberate indifference to his serious medical needs claim to proceed against several Defendants.  Thus, there is at least some merit to those medical care claims.  Accordingly, further analysis is required on Plaintiff's request for preliminary injunctive relief related to his medical care at F.C.I. Fairton.

"[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.  Rather, the moving party must make a clear showing of immediate irreparable harm."  Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted).  "Moreover, where the relief ordered by the preliminary injunction is mandatory and will alter the status quo, the party seeking the injunction must meet a higher standard of showing irreparable harm in the absence of an injunction."  Bennington Foods LLC v. St. Croix

Renaissance, Grp., LLP, 528 F.3d 176, 179 (3d Cir. 2008).

Additionally,

> courts have been reluctant to accept inmate
> invitations to use preliminary injunctions
> as a means to judicially prescribe specific
> medical courses of treatment for inmates.
> In such instances, courts have typically
> declined such requests citing the inmate's
> failure to either demonstrate irreparable
> harm; Rivera v. Pennsylvania Dep't of
> Corrections, 346 F. App'x 749 (3d Cir.
> 2009), Rush v. Correctional Medical
> Services, Inc., 287 F. App'x 142 (3d Cir.
> 2008), or show a likelihood of success on
> the merits.  Quinn v. Palakovich, 204 F.
> App'x 116 (3d Cir. 2006).

Brown v. Wolf, No. 16-1081, 2021 WL 3562473, at *5 (W.D. Pa.

Aug. 12, 2021).

Plaintiff seeks to alter the status quo by having this

Court order Plaintiff receive the medication and treatment

recommended by Ruiz.  As indicated above, Plaintiff's burden is

high and the record insufficient at this stage to warrant the

extraordinary relief of a temporary injunction.  However, if

Plaintiff's allegations of deliberate indifference to severe and

persistent untreated pain are true, the allegations are serious.

Accordingly, while the Court will deny Plaintiff's request for

preliminary injunctive relief at this juncture, such denial will

be without prejudice to a renewal of a properly motion under

Fed.R.Civ.P. 65 after the remaining Defendants are properly

served.  If such a motion is renewed Defendants may respond to

Plaintiff's request at that time to permit this Court to have a more complete record before deciding upon Plaintiff's request for preliminary injunctive relief for medical treatment.

    V.   CONCLUSION

      For the following reasons, Plaintiff's complaint will be proceeded in part.  Plaintiff's deliberate indifference claims against Defendants Lopez De Lasalle, Fuller, Knowles, Hansen and Sommer will proceed.  Plaintiff's claims against Ruiz and Bergami will be dismissed without prejudice for failure to state a claim.

      Plaintiff's request for preliminary injunctive relief will be denied in part and denied without prejudice in part as follows.  To the extent Plaintiff seeks preliminary injunctive relief on matters beyond his request for medical care, his requests will be denied.  Plaintiff's requests for preliminary injunctive relief related to his medical care will be denied without prejudice until after service of the Complaint.

      An appropriate order will be entered.


Dated: <u> October 6, 2021 </u>      <u>   s/ Noel L. Hillman   </u>
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.