UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID CONRAD,<br><br>        Plaintiff,<br><br>        v.<br><br>ABIGAIL LOPEZ DE LASALLE, et al.,<br><br>        Defendants. | Civil Action<br>No. 21-08462 (CPO)<br><br>OPINION |

**Appearances:**

David Conrad, Fairton, NJ, pro se.


O'HEARN, United States District Judge:

    **THIS MATTER** comes before the Court on Plaintiff's ex parte Motion for preliminary injunctive relief related to his medical care (ECF No. 21; ECF No. 24). For the reasons set forth herein, the Court will **DENY** Plaintiff's Motion without prejudice.

    **I.**    **BACKGROUND**

    On October 6, 2021, Plaintiff David Conrad, filed his Complaint against Defendants, Abigail Lopez De Lasalle, Kayla Fuller, Kyle Knowles, Ms. Hansen, Diane Sommer, Thomas E. Bergami and Jose R. Ruiz in this Court. (ECF No. 1; ECF No. 11). Plaintiff is a federal inmate, currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. His Complaint alleges that he suffers from neuropathy and nerve damage from a 2008 gunshot wound to his leg. (ECF No. 1 at 4). Plaintiff has managed his health condition with a series of prescription medicines, special medical shoes, diabetic socks, and physical therapy. (ECF No. 1 at 5). According to the Complaint

and current Motion, Defendant Ruiz, a contractor doctor, recommended several of these treatments on July 28, 2020. (ECF No. 1 at 5; ECF No. 21 at 3). Plaintiff's Complaint further alleges that Defendants Fuller and Knowles, medical staff at F.C.I. Fairton, denied him treatment despite knowing that he was in pain. (ECF No. 1 at 5). Plaintiff's current Motion alleges that this mistreatment has been ongoing for eighteen months. (ECF No. 21 at 2).

Plaintiff filed an application to proceed *in forma pauperis* which was granted on October 6, 2021. (ECF No. 5; ECF No. 11). On review of the Complaint, as required by 28 U.S.C. § 1915(e)(2)(B) when permitting a plaintiff to proceed *in forma pauperis*, the Court sua sponte dismissed all of Plaintiff's claims against Defendants Ruiz and Bergami for failure to state a claim. (ECF No. 11). However, the Court found Plaintiff's complaint of deliberate indifference to his medical needs against the remaining Defendants sufficient to state a claim and stated that "while the Court will deny Plaintiff's request for preliminary injunctive relief at this juncture, such denial will be without prejudice to a renewal of a proper[] motion under Fed. R. Civ. P. 65 after the remaining Defendants are properly served." (ECF No. 10 at 16).

The Court issued summonses as to Defendants Lopez De Lasalle, Fuller, Knowles, Hansen, Sommer, the U.S. Attorney, and the Attorney General for the United States on October 26, 2021. (ECF No. 16). The docket indicates that the only Summonses returned as executed were for Defendants Hansen and Knowles. (ECF No. 19). Summonses for Defendants Lopez De Lasalle, the U.S. Attorney, and Fuller were returned unexecuted, (ECF No. 17; ECF No. 18), and it does not appear from the docket that service was ever attempted on Defendant Sommer or the Attorney General for the United States.

On November 23, 2021, Plaintiff re-filed his Motion seeking injunctive relief and thereafter submitted a supplemental letter on November 22, 2021. (ECF No. 21; ECF No. 24).

2

## II.     LEGAL STANDARD

As Plaintiff's prior Motion was denied without prejudice and he was directed to effectuate service upon Defendants before re-filing his Motion, the Court will review if that directive has been satisfied.

"[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). And while courts liberally construe "the pleadings and the complaints of pro se plaintiffs . . . [they] must follow the rules of procedure and the substantive law." *Khater v. Puzino Dairy, Inc.*, No. 14–4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (quoting *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007)). There are two ways to effectuate proper service under the federal rules. First, service is proper when it complies with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Pursuant to New Jersey Rule 4:4–4(a)(1), service on an individual must be made:

> [B]y delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

Second, service is proper when a copy of the summons and complaint are (A) delivered to the individual personally; (B) left at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (C) delivered to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e).

In addition to the general service requirements, Federal Rule of Civil Procedure 4(i)(3) requires additional procedure when plaintiffs are attempting to serve officers or employees of the United States:

> [t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

### III.   DISCUSSION

As noted above, the Court previously denied Plaintiff's Motion for injunctive relief without prejudice and directed he could re-file his Motion after all Defendants had been served. Plaintiff has re-filed his motion but has not made proper service on all Defendants.

All five remaining Defendants, including Defendants Hansen and Knowles, are alleged to be employed by the Federal Government. As set forth in the USM-285 transmittal letter sent to the Plaintiff, "[i]f you are suing the United States, Its agencies, Officers or Employees, you must complete two additional 285 forms—one for the U.S. Attorney for New Jersey, and one for the Attorney General of the United States." (ECF No. 12 (citing Fed. R. Civ. P. 4(i)). Here, Plaintiff has only served two of the five Defendants and has not served the United States.

Consequently, the Court will again deny Plaintiff's Motion without prejudice until he has made service on all Defendants in accordance with Federal Rule of Civil Procedure 4(i)(3). The Court will, however, direct the Clerk to provide Plaintiff with additional USM-285 forms.

### IV.   CONCLUSION

Thus, since there has not been proper service upon the Defendants, Plaintiff's Motion for temporary injunctive relief is denied without prejudice. The Clerk will be directed to provide Plaintiff with additional USM-285 forms and Plaintiff will be granted leave, and an extension of

4

time from Federal Rule of Civil Procedure 4(m), to effectuate proper service upon all Defendants within sixty days. An appropriate Order will follow.

    /s/ *Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**