[D.I. 77]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAVID CONRAD,                                Civil No. 21-8462 (CPO/AMD)

               Plaintiff,

     v.

ABIGAIL LOPEZ DE LASALLE, et
al.,                                         **MEMORANDUM OPINION**
                                             **AND ORDER**
               Defendants.


**APPEARANCES**:

Amy K. Lyon, Esq.
Brandon M. Riley, Esq.
Colin J. O'Brien, Esq.
Stradley Ronon Stevens & Young, LLP
2005 Market Street
Suite 2600
Philadelphia, Pennsylvania 19103

Eric Matthew Hurwitz, Esq.
Stradley Ronon Stevens & Young, LLP
Liberty View
457 Haddonfield Road
Suite 100
Cherry Hill, New Jersey 08002

     *Counsel for Plaintiff*

Kristin Lynn Vassallo, Assistant United States Attorney
Matthew Joseph Mailloux, Assistant United States Attorney
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Newark, New Jersey 07102

     *Counsel for Defendants*

**DONIO**, Magistrate Judge:

Presently pending before the Court is a motion filed by Plaintiff, David Conrad, seeking leave to amend the complaint to add new defendants.[1] Defendants, Dr. Abigail Lopez de la Salle, P.A. Kyle Knowles, Celia Hansen, Dr. Dianne Sommer, and Thomas Bergami, oppose the motion to amend on a number of grounds, including asserting futility of amendment of the proposed claims against the proposed defendants. This Court previously held in *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.* that "current parties 'unaffected by [a] proposed amendment' do not have standing to assert claims of futility on behalf of proposed defendants." *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014)(quoting *Clark v. Hamilton Mortg. Co.*, No. 07-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008)). Defendants argue nonetheless that the Court should consider a futility argument concerning the claims against the proposed defendants. The Court decides this matter pursuant to

_____

[1] Although Plaintiff filed a motion to amend the complaint, it appears that the primary relief sought is to supplement the complaint pursuant to Federal Rule Civil Procedure 15(d), which provides that a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). As the basis of the motion is to include new defendants who have purportedly continued the constitutional violations alleged in the Second Amended Complaint, the motion shall be construed as a motion to supplement the complaint. The standard for filing a supplemental pleading is the same standard applicable to a motion to amend, as set forth *infra*.

2

Federal Rule of Civil Procedure 78(b), and for the reasons set forth below, the Court rejects Defendants' argument. The Court also rejects Defendants' assertions that Plaintiff unduly delayed in seeking leave to assert the new claims and that allowing the amendment will cause undue prejudice and create undue delay in the resolution of this matter. Consequently, the Court shall grant Plaintiff's motion.

The background of this case is set forth in the District Court's Opinion dated October 6, 2021. *See Conrad v. Lopez de la Salle,* No. 21-8462, 2021 WL 4593273, at *1 (D.N.J. Oct. 6, 2021). Plaintiff, who is incarcerated at F.C.I. Fairton, filed a *pro se* complaint alleging that he had a gunshot wound to his leg which has purportedly resulted in chronic health issues. *Id.* at *1. Plaintiff allegedly had multiple surgeries on his leg and purportedly suffers from neuropathy. *Id.* Plaintiff avers that he experiences constant pain for which he has been prescribed pain medication. *Id.* Plaintiff further asserts that a physician contracted to treat incarcerated individuals at F.C.I. Fairton purportedly recommended this medication, as well as special medical shoes, diabetic socks, and physical therapy. *Id.* As noted in the District Court's Opinion, Plaintiff asserts that Defendant Lopez de la Salle "blocked all care, medication and treatments[,]" that Defendants Fuller and Knowles "ignored [the contracted physician's] recommended treatments" and that Defendants Sommer

3

and Hansen "have blocked [Plaintiff's] treatments even though they know he is in pain." *Id.* The District Court screened the complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915 and allowed Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need to proceed against Defendants Lopez de la Salle, Fuller, Knowles, Hansen and Sommer "[i]n light of Plaintiff's allegations of severe and persistent pain coupled with an allegation that a doctor's prescribed course of treatment for that pain was rejected[.]" *Id.* at *3. Plaintiff seeks in this action "an order directing that Defendants are to provide [Plaintiff] with all of the medical treatments recommended or prescribed" by the contracted physician, as well as monetary damages for the pain and suffering Plaintiff has purportedly experienced due to Defendants' alleged failure to provide medical care. (*See* Second Am. Compl. [D.I. 67], p. 12.)

After the District Court permitted Plaintiff's complaint to proceed past *sua sponte* dismissal, Plaintiff filed a motion to appoint counsel, which was granted by this Court by Order dated December 20, 2021. (Order [D.I. 32], Dec. 20, 2021.) By Order dated January 12, 2022, the Court appointed Eric M. Hurwitz, Esq. as *pro bono* counsel. (Order [D.I. 40], Jan. 12, 2022.) After *pro bono* counsel entered an appearance, counsel sought to file an amended complaint. (*See* Letter from Brandon M. Riley, Esq. [D.I. 57], Apr. 18, 2022.) Defendants consented to the filing of an amended

complaint, and the Court entered a Consent Order dated April 19, 2022 granting Plaintiff leave to amend the complaint. (Consent Order [D.I. 58], Apr. 19, 2022.) Plaintiff filed the First Amended Complaint on May 19, 2022. (*See* First Am. Compl. [D.I. 59], May 19, 2022.) By letter dated June 17, 2022, counsel for Defendants sought an extension of time to respond to the First Amended Complaint, noting that some of the claims in the pleading warranted dismissal in light of the June 8, 2022 decision of the United States Supreme Court in *Egbert v. Boule*, No. 21-147, 142 S. Ct. 1793 (2022). (Letter from Matthew J. Mailloux, Assistant United States Attorney [D.I. 62], June 17, 2022.) Plaintiff agreed to amend the First Amended Complaint to remove a cause of action for retaliation under the First Amendment in light of the Supreme Court's decision, and the Court entered a letter order on July 14, 2022 granting Plaintiff leave to file a Second Amended Complaint. (*See* Letter Order [D.I. 66], July 14, 2022.) The Second Amended Complaint was filed on July 26, 2022. (*See* Second Am. Compl. [D.I. 67].) Defendants requested and were granted forty-five days to respond to the Second Amended Complaint (*see* Letter Order [D.I. 66], July 14, 2022), to which they filed an answer on September 9, 2022. (Answer [D.I. 68].)

Plaintiff now seeks leave to file a Third Amended Complaint to add two additional defendants, Dr. Richard DiMonte and the current Health Services Administrator at F.C.I. Fairton,

Mr. Martin, whose first name Plaintiff states is presently unknown to Plaintiff.[2] (Br. in Supp. of Pl.'s Mot. for Leave to Amend His Compl. (hereinafter, "Pl.'s Br.") [D.I. 77-2], p. 1.) Plaintiff represents that these two individuals assumed the roles at F.C.I. Fairton previously held by Defendants Lopez de la Salle and Hansen and that these proposed new defendants purportedly "have continued the pattern of unlawful deprivation of necessary medical care in violation of the Eighth Amendment." (*Id.* at pp. 2-3.) Plaintiff notes that he could not have included these defendants in the earlier pleadings because these individuals only assumed their respective roles since the filing of the Second Amended Complaint. (*Id.* at p. 3.) In a reply brief, Plaintiff represents that when his counsel received Defendants' first document production on February 8, 2023, Plaintiff was able to confirm that the proposed new defendants "continue to perpetuate the cycle of unlawful deprivation of [Plaintiff's] medical care and retaliatory punishment." (Reply Br. in Supp. of Pl.'s Mot. for Leave to Amend His Compl. (hereinafter, "Pl.'s Reply Br.") [D.I. 81], pp. 1-2.) Plaintiff also notes that the motion was filed approximately two weeks after receipt of Defendants' document production and prior

---

[2] The proposed Third Amended Complaint also corrects the name of one of the current defendants, "Ms. Hansen" to "Celia Hansen." Defendants note that Defendant Hansen has no objection to this proposed amendment. (Defs.' Mem. of Law in Opp. to Pl.'s Mot. for Leave to File a Third Am. Compl. [D.I. 80], p. 1 n.2.)

to the deadline for amending pleadings set forth in the October 14, 2022 Scheduling Order. (*Id.*) Further, Plaintiff argues that the amendments are not futile, as the proposed additional defendants engaged in the same alleged wrongful conduct as those defendants currently named in this action and no dispositive motion was filed concerning the claims against the current defendants. (*Id.* at p. 3.) Finally, Plaintiff notes that the amendments will not cause prejudice to the current defendants sufficient to warrant denial of the motion. (*Id.* at p. 5.) Plaintiff argues in this regard that Defendants fail to demonstrate how joinder of the two new defendants will deprive them of the opportunity to present facts or evidence, and Plaintiff notes that fact discovery is ongoing. (*Id.*)

In opposition to the motion, Defendants argue that the proposed amendments will cause prejudice by unduly delaying the resolution of this case. (Defs.' Mem. of Law in Opp. to Pl.'s Mot. for Leave to File a Third Am. Compl. (hereinafter, "Defs.' Opp. Br.") [D.I. 80], p. 5.) Defendants also assert that Plaintiff fails to identify the date on which he learned of his potential claims against the two proposed defendants and that Plaintiff's delay warrants denial of the motion. (*Id.* at p. 7.) Although conceding that the United States Attorney's Office, which serves as counsel for the current defendants, "does not currently represent . . . [proposed defendants] Richard DiMonte, M.D., and Mr. Martin, and

does not advance any arguments on their behalf[,]" Defendants also contend that the Court should find that the proposed claims against these new parties are futile and should therefore deny the motion to amend on futility grounds. (*See id.* at pp. 1 n.1, 8-10.) Defendants assert specifically that Plaintiff's proposed claims are futile because (1) Plaintiff purportedly failed to exhaust his administrative remedies with respect to the new defendants; (2) "qualified immunity likely shields defendants from liability[;]" and (3) the proposed amended complaint does not specifically delineate the alleged wrongful conduct of the proposed defendants but "merely added the proposed new defendants' names to the conclusory paragraph [Plaintiff] previously filed." (*Id.* at pp. 8-9.) Defendants contend that "ignoring futility considerations could result in undue delay" as "significant time will pass before the new defendants place those defenses before the Court . . . and unduly delay resolution of the lawsuit" as the current defendants must wait for the new defendants to obtain representation, file a response to the complaint, and await resolution of any dispositive motion that may be filed. (*Id.* at pp. 5-7.)

The Court first considers whether Plaintiff's motion was filed in accordance with the scheduling order deadline as required under Federal Rule of Civil Procedure 16(b). "'[W]here a party seeks to amend the pleadings after the expiration of the Rule 16 deadline, a party must first demonstrate good cause,' and only

after the party has demonstrated good cause will a court 'evaluate the proposed amendment under Rule 15(a).'" *Faiella v. Sunbelt Rentals, Inc.*, No. 18-11383, 2019 WL 3557714, at *2 (D.N.J. Aug. 5, 2019)(quoting *Stolinski v. Pennypacker*, No. 07-3174, 2011 WL 13238545, at *7 (D.N.J. June 23, 2011)); *see also Ewing v. Cumberland Cnty.*, No. 09-5432, 2014 WL 3974159, at *4 (D.N.J. July 16, 2014) ("prior to evaluating a proposed amendment under Federal Rule of Civil Procedure 15(a), the court must evaluate whether the party seeking leave has affirmatively demonstrated 'good cause' to modify the scheduling order"). The Court entered an Order on October 14, 2022 which provided that all motions to amend or join new parties must be filed by February 24, 2023. (Scheduling Order [D.I. 72], Oct. 14, 2022, p. 2, ¶ 5.) Plaintiff filed the instant motion on February 24, 2023, and the motion was therefore filed within the deadline for seeking leave to add new parties in accordance with Rule 16.

        As the instant motion was timely filed, the Court next considers the motion under Federal Rule of Civil Procedure 15. When a party seeks leave to amend, Rule 15 provides that leave "shall be 'freely give[n]' when 'justice so requires.'" *Custom Pak*, 2014 WL 988829, at *1 (quoting FED. R. CIV. P. 15(a)(2)). "A court may, however, deny a motion to amend 'where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be

futile, or (3) the amendment would prejudice the other party.'" *Faiella*, 2019 WL 3557714, at *1 (quoting *U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)). "[T]he grant or denial of an opportunity to amend is within the discretion of the [] Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As noted above, because Plaintiff seeks to add claims for conduct that occurred since the filing of the Second Amended Complaint, the motion is properly brought under Federal Rule of Civil Procedure 15(d) rather than Rule 15(a). Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "'Supplemental pleadings . . . are limited to subsequent events related to the claim or defense presented in the original pleading.'" *T Mobile Northeast LLC v. City of Wilmington*, 913 F.3d 311, 326 (3d Cir. 2019) (quoting 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.30 (3d ed. 2018)). "Rule 15(d) is subject to the same liberal standards applicable under 15(a), and '[l]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading.'" *7-Eleven, Inc. v. Sodhi*, No. 13-3715, 2016 WL 541135, at *8 (D.N.J. Feb. 9, 2016) (quoting *Hassoun v. Cimmino*,

126 F. Supp. 2d 353, 360-61 (D.N.J. 2000)). Therefore, the analysis of the instant motion is the same regardless of whether the motion is construed as a motion to amend or as a motion to supplement.[3]

The Court first addresses Defendants' argument that the motion should be denied on futility grounds. As set forth above, a court may deny a motion under Rule 15 as futile. *See Faiella*, 2019 WL 3557714, at *1. However, in *Custom Pak*, this Court concluded that a current party does not having standing to raise a futility argument with respect to a proposed claim against a proposed new party. *Custom Pak*, 2014 WL 988829, at *2. The plaintiff in *Custom Pak* moved for leave to file an amended complaint to assert a new claim against a current defendant, as well as leave to include a new defendant. *Id.* at *1. The defendants opposed the motion only to the extent that the plaintiff sought to add a new defendant, arguing that it was futile to add the new

---

[3] In addition, because Plaintiff seeks to add new parties, the motion implicates Federal Rule of Civil Procedure 20(a), which provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Here, Plaintiff seeks to add as defendants individuals who have since assumed the roles at F.C.I. Fairton previously held by Defendants Lopez de la Salle and Hansen and have purportedly continued the same constitutional deprivations alleged in the original complaint. Indeed, no party argues that the proposed claims fail to satisfy the joinder requirement of Rule 20. Thus, the Court finds that joinder of the proposed new defendants is appropriate under Federal Rule of Civil Procedure 20(a).

defendant because the Court lacked personal jurisdiction over that individual. *Id.* The Court in *Custom Pak* rejected the defendants' futility argument, finding that "current parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice" and that the defendants, who were unaffected by the proposed amendment, lacked standing to oppose the motion on the ground that the proposed claim against the new defendant was futile. *Id.* at *2.

Defendants rely on *Worster-Sims v. Tropicana Ent., Inc.*, No. 13-1981, 2014 WL 2468602, at *2 n.2 (D.N.J. June 3, 2014), to support their position that they may raise a futility argument in opposition to the instant motion. (*See* Defs.' Opp. Br. at p. 5.) The court in *Worster-Sims* concluded that because an amendment adding a party may cause delay in the litigation, it is appropriate under Federal Rule of Civil Procedure 1 for a court to consider a futility argument raised by a current party on behalf of a non-party. *Worster-Sims*, 2014 WL 2468602, at *2 n.2 ("It is much more efficient to address the futility of [the] amendments now rather than waiting for the issue to be raised months from now after . . . [an] inevitable Rule 12(b)(6) motion to dismiss is filed."). In a subsequent decision, the *Worster-Sims* court again addressed whether a court may consider the futility of a proposed amendment adding a new party, noting that because a court has the inherent authority to dismiss claims *sua sponte*, it may also consider

futility arguments concerning proposed parties regardless of a party's standing to raise the futility issue. *Worster-Sims v. Tropicana Ent., Inc.,* 46 F. Supp. 3d 513, 516-17 (D.N.J. 2014)(noting that "[c]ourts have the 'inherent authority to dismiss claims *sua sponte* for failure to state a claim upon which relief may be granted'" and concluding that "since a Rule 12(b)(6) standard applies in this context, the Court may address the futility of [the proposed new claim] whether or not plaintiff has standing to raise the argument")(quoting *Huafeng Xu v. Walsh*, No. 13-5626, 2014 WL 4388663, at *2 (D.N.J. Sept. 4, 2014)).

However, for the reasons that follow, the Court rejects the conclusion in *Worster-Sims* and finds, consistent with the Court's decision in *Custom Pak*, that a current party unaffected by a proposed amendment lacks standing to raise a futility argument on behalf of proposed parties in opposition to a motion for leave to amend or supplement a complaint. The Court further finds that pragmatic considerations of judicial economy and efficiency support its conclusion in *Custom Pak*, as it is inefficient under Federal Rule of Civil Procedure Rule 1 to consider a futility argument raised by a current party but directed to proposed claims against a proposed party at the motion to amend stage. Moreover, addressing such a futility argument raised by a current party on behalf of a proposed party at the motion to amend stage implicates

Federal Rule of Civil Procedure 11 and waiver issues, all as set forth below.

To begin with, numerous courts have concluded that a party may not file a motion to dismiss on behalf of another party on standing grounds. *See, e.g.*, *Woods v. Cnty. of Los Angeles*, No. 20-4474, 2022 WL 980649, at *4 (C.D. Cal. Mar. 10, 2022) ("[w]ithout a showing of an injury in fact, [defendant] lacks standing to bring" motion challenging service of process on another defendant), *report and recommendation adopted*, 2022 WL 971951 (C.D. Cal. Mar. 30, 2022).[4] This rationale is equally applicable to a motion to amend or supplement, for if a current party lacks standing to seek dismissal on behalf of other current parties, a current party likewise lacks standing to assert a futility argument on behalf of proposed parties in connection with a motion to amend. Indeed, many courts have followed the decision in *Custom Pak* in concluding that current parties do not have standing to oppose a motion to amend seeking to add new parties on the basis of futility

---

[4] Other courts that have so held include *Revolon Monterey Energy LLC v. Peak Operator*, No. 13-7048, 2014 WL 12576644, at *2 (C.D. Cal. Sept. 18, 2014)("[T]he Court finds that Revolon is not entitled to bring this motion on behalf of Northstar. Northstar and Revolon are two separate entities and Revolon has not explained how it has standing to seek dismissal of another represented party.") and *Ashcroft v. Dep't of Corr.*, No. 05-488, 2007 WL 1989265, at *8 (W.D.N.Y. July 6, 2007)("Thus, [the New York State Department of Correctional Services] (and the other moving defendants) lack standing to move to dismiss claims against the non-appearing defendants . . . and their motions as to these claims [are] denied.").

of amendment. *See, e.g.*, *Wright-Phillips v. United Airlines, Inc.*, No. 20-14609, 2021 WL 3828837, at *4 (D.N.J. Aug. 27, 2021)("While [defendant] devotes portions of its opposition to raising personal jurisdiction arguments on behalf of the [defendant's employees], [defendant] cannot advance futility arguments on behalf of new defendants."); *Chesler v. City of Jersey City*, No. 15-1825, 2019 WL 6318301, at *4 (D.N.J. Nov. 26, 2019)("Defendants do not have standing to challenge the merits of the proposed amendments as to [proposed new defendant] on futility grounds at this time."); *Coleman v. Apple Eight Hosp. Mgmt., Inc.*, No. 16-1343, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017)("Current parties unaffected by a proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants."); *Bailey v. B. Braun Med. Inc.*, No. 16-1544, 2017 WL 1547163, at *2 (N.D. Ga. May 1, 2017)("Defendants lack standing to challenge the proposed amendment on the grounds of futility."). These decisions comport with the notion that generally "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties" in federal litigation. *Powers v. Ohio*, 499 U.S. 400, 410 (1991) (citations omitted).

In addition, several courts have concluded that Federal Rule of Civil Procedure 11, which requires that papers submitted on behalf of a party may only be signed by the attorney of record

"or by a party personally if the party is unrepresented[,]" FED. R. CIV. P. 11(a), precludes a party from raising arguments on behalf of another party. In *Spillers v. Tillman*, one court noted that Rule 11 "does not authorize one party to make representations or file pleadings on behalf of another" as "Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented." *Spillers v. Tillman*, 959 F. Supp. 364, 370 (S.D. Miss. 1997). Citing the rationale in *Spillers*, other courts have declined on Rule 11 grounds to consider motions to dismiss filed by one party raising arguments on behalf of another party. *See, e.g.*, *Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, Nos. 11-2375, 14-1930, 14-1933, 16-2490, 2018 WL 2056173, at *2 (E.D. La. Mar. 13, 2018) (concluding under Rule 11 that "because the motion to dismiss was not signed by counsel for any of the Remaining Insurers, the Court strikes Allied's motion to dismiss brought on behalf of them"); *Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, No. 13-373, 2017 WL 3492992, at *2 (M.D. La. Aug. 14, 2017)(where one defendant made no appearance and had no counsel of record and counsel for co-defendant did not purport to represent first defendant, court found under Rule 11 that "[c]ounsel who filed the present motion represents CFS Cayman Islands, not CFS Suisse" and that "CFS Cayman lacks capacity to move for relief on behalf of co-defendant CFS Suisse"); *Garnica v. Cnty. of Los Angeles*, No. 20-11403, 2021 WL

16

9908791, at *1 (C.D. Cal. Feb. 4, 2021) ("[B]ecause Defendant Dashtoian has not joined the present Motion, the Court will construe it as seeking the dismissal of Defendant Sheaffer only.").

The Court recognizes that in *Worster-Sims*, the court cited a court's "inherent authority" to *sua sponte* dismiss claims pursuant to Federal Rule of Civil Procedure 12(b)(6) in support of its conclusion that it may consider a futility argument raised on behalf of a proposed party at the motion to amend stage. *See Worster-Sims*, 46 F. Supp. 3d at 517. However, the Third Circuit has stated that only in "narrow circumstances" may a district court "sua sponte dismiss a complaint against a non-moving defendant[.]" *Chen v. KPMG LLP*, No. 21-1202, 2021 WL 4520645, at *3 n.6 (3d Cir. Oct. 4, 2021), *cert. denied*, 143 S. Ct. 352 (2022). Indeed, when a court exercises its inherent authority to *sua sponte* dismiss claims, the decision is generally rendered in the context of a motion filed by a current party seeking dismissal of the claims directed to it, wherein the court also dismisses claims against non-moving parties upon a finding that the claims against the non-moving parties suffer from the same deficiencies. *See, e.g., Steinhardt v. Bernardsville Police Dep't*, No. 20-2825, 2021 WL 3929321, at *4 (3d Cir. Sept. 2, 2021)(affirming dismissal of claims against individual non-moving defendants where non-moving defendants were similarly situated to moving defendants and plaintiff's claims against all defendants were "intermixed and

17

suffered from the same structural deficiencies"); *Thomas v. Ramirez*, No. 19-547, 2019 WL 13280178, at *10 (M.D. Pa. Nov. 13, 2019)("[W]e find that [plaintiff's] claims against [non-moving defendant] should be dismissed because they suffer from the same defects as his claims against [the moving defendants]."), *report and recommendation adopted*, 2020 WL 13669036 (M.D. Pa. Jan. 31, 2020); *Rascoe v. Susquehanna Twp.*, No. 15-994, 2016 WL 8252572, at *6 (M.D. Pa. Nov. 22, 2016)(dismissing claims against non-moving party where claims "arise from the very same operative facts as the claims asserted against the Township Defendants" and "the plaintiffs have had an opportunity to address this issue by virtue of the Township Defendants' motion, and it is clear that the complaint affords a sufficient basis for *sua sponte* dismissal of the claims against [non-moving party] as a matter of law"), *report and recommendation adopted*, 2017 WL 551925 (M.D. Pa. Feb. 10, 2017), *aff'd sub nom. Rascoe v. Cody*, 763 F. App'x 228 (3d Cir. 2019). In these cases, the moving party raised arguments on its own behalf and not on behalf of a not yet named party, and these cases therefore do not support a conclusion that a current party may raise futility arguments solely on behalf of proposed parties.

Moreover, the Court's holding here furthers the goal of efficiency embodied in Federal Rule of Civil Procedure 1. While the court in *Worster-Sims* cited Rule 1 in support of its conclusion, noting that "[i]t is much more efficient to address

the futility of defendants' amendments now rather than waiting for
. . . [an] inevitable Rule 12(b)(6) motion to dismiss" to be filed,
*Worster-Sims*, 2014 WL 2468602, at *2 n.2, addressing futility at
the motion to amend stage avoids subsequent dispositive motion
practice *only if* the proposed amendment is deemed futile. However,
if a court concludes at the motion to amend stage that a proposed
amendment is not futile, the new party may respond to the amended
complaint once brought into the case by filing a motion to dismiss.
Indeed, due process concerns would be implicated if a new defendant
is barred from filing a dispositive motion based on a prior
futility analysis at the motion to amend stage when that new party
had no opportunity to raise dispositive arguments on its own behalf
in connection with the motion to amend. Therefore, addressing
futility at the motion to amend stage may result in two decisions
on dispositive issues, whereas requiring a party to raise a
futility argument on its own behalf by way of dispositive motion
once brought into the case ensures that a court addresses the issue
of whether a specific claim is subject to dismissal under Federal
Rule of Civil Procedure 12 on only one occasion.

      Furthermore, the Court's holding here takes into
consideration that affirmative defenses must be specifically
pleaded by a defendant and can be waived, whereas *Worster-Sims*

fails to address this waiver issue.[5] *See Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 218 (3d Cir. 2017)("An affirmative defense which is neither pleaded as required by [R]ule 8(c) nor made the subject of an appropriate motion under [R]ule 12(b) is waived.")(internal quotation omitted). Indeed, "an affirmative defense [] should be addressed only if it is raised by the party against whom liability is asserted." *Beiersdorf, Inc. v. Int'l Outsourcing Servs., LLC*, No. 07-888, 2008 WL 11456225, at *1 (E.D. Wis. Sept. 30, 2008) (in granting motion to amend, court noted that "[i]t is unclear why [defendant] would raise an argument regarding improper service on behalf of another party"*); see also Sonos, Inc. v. Lenbrook Indus. Ltd. & Lenbrook Am. Corp.*, No. 19-5411, 2020 WL 5032924, at *3 (C.D. Cal. Jan. 27, 2020)(striking affirmative defense because party "cannot assert an affirmative defense on behalf of" another party); *United States v. One Parcel of Real Prop. & Improvements, Located at 1100 Peeler Ave., Lakeland, Lanier Cnty., Georgia*, No. 06-41, 2007 WL 4289692, at *4

---

[5] In this case, Defendants assert that Plaintiff's proposed claims against the proposed new defendants are barred because Plaintiff failed to exhaust administrative remedies and because the proposed defendants are entitled to qualified immunity. (*See* Defs.' Opp. Br. at pp. 8-9.) Both of these arguments raise affirmative defenses that must be specifically pleaded by a defendant. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)("Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official."); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002)("[F]ailure to exhaust is an affirmative defense to be pleaded by the defendant.").

(M.D. Ga. Dec. 3, 2007)(where claimant attempted to assert an affirmative defense on behalf of another claimant in proceeding, court would not address the affirmative defense because claimant could not "raise this defense on behalf of another party"). Furthermore, as the court in *Lown Companies, LLC v. Piggy Paint, LLC* noted, ruling on a defense that the court lacks personal jurisdiction over parties who have not been named in a filed pleading "is an invitation to disorderly process and reversible error, to say the least." *Lown Companies, LLC v. Piggy Paint, LLC*, No. 11-911, 2012 WL 782671, at *2 (W.D. Mich. Mar. 9, 2012).

In summary, the Court again holds that a current party unaffected by a proposed amendment lacks standing to raise a futility argument on behalf of non-parties in opposition to a motion for leave to amend or supplement a complaint. This holding furthers the goal of efficiency embodied in Federal Rule of Civil Procedure 1, is consistent with standing principles embodied in case law, comports with Federal Rule of Civil Procedure 11, and recognizes that affirmative defenses and certain arguments in support of dismissal are waivable. Accordingly, the Court will not consider at this time Defendants' arguments concerning the futility of Plaintiff's proposed claims against the proposed new defendants.

Defendants also raise delay and prejudice arguments, asserting that if the Court does not consider the futility argument

21

at this time, this litigation will purportedly be "unduly delay[ed]" and Defendants will consequently be prejudiced. (*See* Defs.' Opp. Br. at p. 5.) Although delay "at some point . . . will become 'prejudicial,' placing an unfair burden on the opposing party[,] [t]he question of undue delay . . . requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Thus, the prejudice and delay analyses are distinct inquiries which the Court shall address separately.

In determining whether amendment of a pleading will cause undue prejudice, the Court must "focus on the hardship to the [non-moving party] if the amendment were permitted." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams*, 739 F.2d at 868). Undue prejudice supports denial of leave to amend where, "if amendment were permitted, the [defendant] would be prejudiced by having to engage in burdensome new discovery and significant new trial preparation." *Id.* at 274-76 (finding that court did not abuse its discretion in denying post-judgment motion to amend where court determined that "'proposed amendment would essentially force the [defendant] to begin litigating this case again'"). Prejudice "becomes 'undue' when the opponent shows it would be 'unfairly disadvantaged or

deprived of the opportunity to present facts or evidence which it would have offered[.]'" *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981)). In this regard, undue prejudice may include "the irretrievable loss of evidence, the dimming of witnesses' memories, or the excessive irremediable burdens or costs imposed on the non-moving party if an amendment is granted." *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668-69 (D.N.J. 2014); *see also Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 99 (D.N.J. 2009)(in deciding issue of prejudice, "courts consider whether permitting the amendment would (1) require defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction") (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). By contrast, "incidental prejudice to the opponent is not a sufficient basis for denial of an amendment[.]" *Harrison Beverage*, 133 F.R.D. at 468.

Here, as set forth above, Defendants contend that they will be prejudiced by the amendment because allowing the amendment will delay the final resolution of this case on the merits. (*See* Defs.' Opp. Br. at p. 5.) Defendants' vague assertion of prejudice arising from delay in the litigation, however, is disingenuous in

light of the record, as Defendants' own actions have caused some
delay in the resolution of this case. The Court notes in this
regard that Defendants requested additional time to respond to the
First Amended Complaint (*see* Letter from Matthew J. Mailloux,
Assistant United States Attorney [D.I. 62], June 17, 2022), and
thereafter waited the maximum amount of time permitted pursuant to
the July 14, 2022 Letter Order to respond to the Second Amended
Complaint (*see* Letter Order [D.I. 66], July 14, 2022; Answer [D.I.
68], Sept. 9, 2022), even though the First Amended Complaint and
the Second Amended Complaint contain a virtually verbatim
recitation of the underlying facts.[6] Defendants also joined in a
request for a ninety-day extension of time to complete discovery.
(*See* Joint Letter from Counsel [D.I. 82], Mar. 30, 2023.) The Court
also finds that any delay resulting from the filing of a
dispositive motion is not sufficiently prejudicial to warrant
denial of the motion. The proposed amendment will not significantly
expand the scope of this litigation, as the proposed claim against
the new defendants arises from a similar set of facts and involves
an allegation of the continuation of the purported wrongful conduct
already at issue in this case. The proposed cause of action will

---

[6] To the extent the causes of action differed between the First
Amended Complaint and the Second Amended Complaint, the changes
did not include additional claims but rather resulted in fewer
allegations in the Second Amended Complaint in light of a recent
Supreme Court decision.

therefore require similar, if not the same, discovery as the discovery already being conducted. Defendants do not assert that they will incur additional costs or expenses in connection with an amendment or that the delay will result in the loss of evidence or the dimming of witnesses' memories. The Court, therefore, finds that Defendants fail to articulate sufficient prejudice to warrant denial of Plaintiff's motion.

Defendants also argue that the motion should be denied on the ground that Plaintiff unduly delayed in seeking leave to amend, but the Court rejects this argument as well. Defendants note that "they have been defendants to this action for almost two years" (*see* Defs.' Opp. Br. at p. 6), but the procedural history demonstrates that any delay in this litigation is not due to Plaintiff's failure to diligently prosecute the case. Because Plaintiff proceeds in this action *in forma pauperis*, the complaint was required to be screened pursuant to 28 U.S.C. § 1915. Less than three weeks after the District Court's decision proceeding the complaint, Plaintiff filed a motion for appointment of *pro bono* counsel, which motion was granted, and *pro bono* counsel promptly entered an appearance. After an answer was filed on September 9, 2022, the Court held an initial conference on October 11, 2022 and at that time set deadlines for the completion of discovery. Defendants responded to Plaintiff's discovery requests on February 8, 2023 and Plaintiff represents that Defendants'

responses confirmed that the proposed defendants played a role in the alleged deprivation of Plaintiff's rights. (*See* Pl.'s Reply Br. at pp. 1-2.) Plaintiff filed this motion less than three weeks later, within the timeframe for amending pleadings and adding new parties provided in the then-current scheduling order. Under these circumstances, the Court finds that Plaintiff did not unduly delay in seeking leave to amend.

Furthermore, to the extent Defendants argue that the motion should be denied because Plaintiff previously amended the complaint on multiple occasions (*see* Defs.' Opp. Br. at pp. 6-7), Plaintiff represents that he could not have included the proposed new defendants when he filed the prior complaints in this case. (Pl.'s Br. at p. 3.) The Court notes that a motion to amend may be denied when a party has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed[.]" *Foman*, 371 U.S. at 182. However, in this case, while Plaintiff seeks to file a fourth iteration of the complaint, the original complaint was a *pro se* pleading, the First Amended Complaint was filed to replace the *pro se* pleading after *pro bono* counsel entered an appearance, and the Second Amended Complaint was filed to address a decision by the Supreme Court issued after the First Amended Complaint was filed. Plaintiff's counsel represents that the proposed defendants were not employed by F.C.I. Fairton when Plaintiff filed his original complaint and that they have only assumed the roles for Plaintiff's

26

medical care since the filing of the Second Amended Complaint. (Pl.'s Br. at p. 3.) Therefore, while Plaintiff has previously amended the complaint on multiple occasions, the present request to amend is not the result of repeated failures to cure prior deficiencies. The Court thus rejects any assertion that the motion to amend should be denied due to Plaintiff's prior amendments to the complaint.

In conclusion, the Court finds that Defendants fail to articulate prejudice or delay sufficient to warrant denial of Plaintiff's motion for leave to file a Third Amended Complaint in this matter. Plaintiff filed the motion within the time frame permitted by the scheduling order and did not unduly delay in seeking to add the proposed new defendants upon receipt of Defendants' discovery responses. In addition, Defendants fail to assert specific prejudice that would warrant denial of the motion. Finally, Defendants lack standing to raise futility arguments with respect to the proposed claims against the proposed new defendants.

Consequently, for the reasons set forth above and for good cause shown,

IT IS on this **12th** day of **July 2023,**

**ORDERED** that Plaintiff's motion [D.I. 77] for leave to file a Third Amended Complaint shall be, and is hereby, **GRANTED**; and it is further

      **ORDERED** that Plaintiff shall file the Third Amended Complaint in the form attached to the motion within ten (10) days of entry of this Order and shall serve the Third Amended Complaint in accordance with the Federal Rules of Civil Procedure.

                        s/ Ann Marie Donio
                        ANN MARIE DONIO
                        UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Christine P. O'Hearn

28