## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (CAMDEN VICINAGE)

| | | |
|---|---|---|
| DAVID CONRAD | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 1:21-CV-08462-CPO- |
| ABIGAIL LOPEZ DE LASALLE, | : | AMD |
| M.D., in her individual capacity, | : | |
| KYLE KNOWLES, P.A., in his | : | |
| individual capacity, | : | |
| CELIA HANSEN, in her individual | : | |
| capacity, | : | |
| DIANE SOMMER in her individual | : | |
| capacity, | : | |
| THOMAS E. BERGAMI, in his | : | |
| individual capacity, | : | |
| RICHARD DIMONTE, D.O., in his | : | |
| individual capacity, and | : | |
| Mr. MARTIN, in his individual | : | |
| capacity, | : | |

Defendants.

## **THIRD AMENDED COMPLAINT**

Plaintiff, David Conrad ("Mr. Conrad"), through his undersigned

attorneys, files this Third Amended Complaint against Defendants Abigail

Lopez de LaSalle, M.D., Kyle Knowles, P.A., Celia Hansen, Diane Sommer,

Thomas E. Bergami, Richard DiMonte, D.O., and Mr. Martin[1] in their individual capacities, and states as follows:

## INTRODUCTION

1. Mr. Conrad brings this action against Defendants in their individual capacities pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2. Defendants, individually and collectively, have deprived Mr. Conrad from receiving necessary medical care in violation of his right to freedom from cruel and unusual punishment under the Eighth Amendment.

3. When Mr. Conrad complained about and sought recourse for this deprivation of medical care, Defendants retaliated against him by placing him in solitary confinement in the Special Housing Unit ("SHU"), which only worsened his severe pain and exacerbated his need for necessary medical care.

4. Mr. Conrad therefore proceeds with this civil action to obtain declaratory relief and recover compensatory, punitive, and other damages from Defendants for their deliberate indifference to Mr. Conrad's medical

---

[1] Mr. Martin's first name is unknown to Mr. Conrad. Mr. Conrad will add his first name when he learns it through discovery.

condition and need for treatment, and for their retaliation against him when he sought to vindicate his constitutional right to medical care.

## THE PARTIES

5.    Mr. Conrad is an inmate at the Federal Correctional Institution located at 655 Fairton-Millville Road in Fairton, New Jersey 08320 ("F.C.I. Fairton"). His Inmate Number is 18317-424.

6.    Defendant Abigail Lopez de Lasalle, M.D. is a Clinical Director and Physician at F.C.I. Fairton.

7.    Defendant Kyle Knowles, P.A. is a Physician's Assistant at F.C.I. Fairton.

8.    Celia Hansen is a Health Services Administrator at F.C.I. Fairton.

9.    Diane Sommer is a Clinical Director at F.C.I. Fairton.

10.    Thomas E. Bergami is the Warden at F.C.I. Fairton.

11.    Richard DiMonte, D.O. is a Physician at F.C.I. Fairton.

12.    Mr. Martin is a Health Services Administrator at F.C.I. Fairton.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction under 28 U.S.C. § 1331 and *Bivens*, 403 U.S. 386.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.     Under the Prison Litigation Reform Act, Mr. Conrad had completed the Bureau of Prisons' administrative process through F.C.I. Fairton's inmate grievance submission procedure.

16.     On February 22, 2021, Mr. Conrad completed an Informal Resolution Form documenting his request for admission into a Medication-Assisted Treatment (MAT) program and the pain medication he was prescribed. A true and correct copy of Mr. Conrad's February 22, 2021 Informal Resolution Form is attached as **Exhibit 1**.

17.     When F.C.I. Fairton staff denied that request on March 3, 2021 (*see id.*), Mr. Conrad appealed by completing a Request for Administrative Remedy form on March 16, 2021. A true and correct copy of Mr. Conrad's March 16, 2021 Administrative Remedy form is attached as **Exhibit 2**. To Mr. Conrad's knowledge, F.C.I. Fairton staff did not respond to Mr. Conrad's March 16, 2021 Administrative Remedy Request form.

18.     Pursuant to 28 C.F.R. 542.18, because of the F.C.I. Fairton staff's failure to respond to Mr. Conrad's grievance filing "within the time

allotted for reply . . ., the inmate may consider the absence of a response to be a denial at that level."

19.    On September 22, 2021 and again on September 28, 2021, Mr. Conrad completed Central Office Administrative Remedy Appeal forms again requesting the pain medication that he was prescribed to treat his severe left leg and foot pain. True and correct copies of Mr. Conrad's September 22, 2021 and September 28, 2021 Central Office Administrative Remedy Appeal forms are attached as **Exhibit 3**.

20.    On December 15, 2021, the Administrator, National Inmate Appeals denied Conrad's September 28, 2021 appeal. A true and correct copy of the Administrator's denial is attached as **Exhibit 4**. To Mr. Conrad's knowledge, the Administrator did not respond to Mr. Conrad's September 22, 2021 appeal.

## FACTUAL BACKGROUND

21.    Mr. Conrad suffered a gunshot wound to his left leg in 2005. Heroic measures were taken to save the leg, but after undergoing several surgeries to attempt to repair the damage, Mr. Conrad suffers from chronic — and severe — neuropathy and nerve damage in his left leg and foot. Photos of the grievous injury that Mr. Conrad sustained to his left leg are attached as **Exhibit 5**.

22. After a long and painful physical therapy process, Mr. Conrad was able to walk again. Unfortunately, however, Mr. Conrad's left toes are curled under and both are numb and hypersensitive to pain as a result of chronic nerve damage.

23. For all these reasons, Mr. Conrad is in constant pain and requires specialized medicine and medical equipment to help treat and alleviate that pain.

24. Mr. Conrad used Lyrica and a morphine sulfate to treat his constant pain until he was incarcerated in 2010. Following his incarceration, Mr. Conrad was initially able to obtain these medications, along with Neurontin and Percoset/Oxycodone, as prescribed by B.O.P. staff physicians, as well as from outside neurologists or pain management physicians who contracted with the B.O.P.

25. In addition, several outside foot and ankle specialists who contracted with the B.O.P. likewise recommended the prescription pain medication regimen to manage Mr. Conrad's pain. They also prescribed special medical shoes, diabetic socks, leg braces, and physical therapy.

26. Beginning in July 2020, Defendants unjustifiably began withholding the above-described medical care which the specialists had prescribed for Mr. Conrad.

27.   On or about July 29, 2020, Dr. Jose R. Ruiz evaluated Mr. Conrad and prescribed Lyrica or Neurontin to manage Mr. Conrad's pain. Dr. Ruiz also prescribed special medical shoes, diabetic socks, and physical therapy to alleviate Mr. Conrad's pain and physical symptoms with his left leg and left foot. A true and correct copy of Dr. Ruiz's July 29, 2020 Office Note is attached as **Exhibit 6**.

28.   Dr. Ruiz provided his evaluation, prescriptions, and therapy recommendations to the F.C.I. Fairton medical staff (*see id.*, noting that Dr. Lopez de Lasalle reviewed Dr. Ruiz's Office Note on September 1, 2020). Nevertheless, Defendant Lopez de Lasalle unjustifiably refused to provide Mr. Conrad with the medications, equipment, and therapy that Dr. Ruiz recommended.

29.   In the subsequent months, after Mr. Conrad complained that he did not receive the care and treatments recommended by Dr. Ruiz, Defendant Lopez de Lasalle retaliated against Mr. Conrad by blocking each attempt that he made to see Dr. Ruiz again to confirm the recommended course of treatment to manage Mr. Conrad's pain and physical symptoms.

30.   Mr. Conrad made repeated requests to see Dr. Ruiz, and each time, Defendant Lopez de Lasalle either refused to make the appointment,

or canceled the appointment after one of her subordinates initially scheduled it for Mr. Conrad.

31. Mr. Conrad has seen Defendant Knowles and nonparty P.A. Kayla Fuller several times each for medical care in the intervening months. During each of these visits, Mr. Conrad requested that they order the Lyrica/Neurontin prescription for him and to provide the medical equipment and physical therapy that Dr. Ruiz recommended. Defendant Knowles and P.A. Fuller refused each such request.

32. Mr. Conrad has also seen Defendant DiMonte several times for medical care in the intervening months. During each of these visits, Mr. Conrad requested that Defendant DiMonte order the Lyrica/Neurontin prescription for him and to provide the medical equipment and physical therapy that Dr. Ruiz previously recommended. Defendant DiMonte has refused each such request.

33. Mr. Conrad's extreme limb pain and severe neuropathy, of course, have continued unabated without proper treatment. As a result, Mr. Conrad had to turn to small amounts of inmate obtained suboxone in order to function and manage the severe pain.

34. Defendants are aware of Mr. Conrad's need for proper pain medication, and they are also aware that, without it, he would resort to treating his condition any way he could.

35. Defendants were also aware that Mr. Conrad filed grievances seeking redress for Defendants' deliberate indifference to his medical care. When those efforts failed, Mr. Conrad filed this lawsuit.

36. Matters escalated when Defendants began retaliating against Mr. Conrad by forcing him to submit to frequent drug tests, and then used his inevitable failure to pass them as a pretext to place him in solitary confinement in the SHU for 60 days at a time.

37. Defendants also used Mr. Conrad's failed drug tests as a basis to continue to deprive him of his necessary medical care. Defendants claimed that Mr. Conrad could not be trusted with the Lyrica or Neurontin which Dr. Ruiz prescribed, contending that because Mr. Conrad was taking inmate obtained suboxone, he was not a "clean" inmate and did not qualify for the prescriptions he had already been prescribed.

38. In short, Mr. Conrad is caught in a vicious cycle: he needs the pain to stop, but Defendants will not provide the necessary treatment that his doctor ordered. Yet, Defendants consider Mr. Conrad's attempts to self-

medicate as sanctionable and thus use it as a basis to continue to withhold proper treatment, and so on.

39.   Because Defendant Bergami supervises Defendants Lopez de Lasalle, Knowles, Hansen, Sommer, DiMonte, and Martin, he is aware of, and condones, the deprivation of Mr. Conrad's necessary medical treatment, retaliatory drug tests for filing grievances and this lawsuit, and solitary confinement punishment for self-medicating in the absence of proper medical care.

40.   Defendants' refusal to provide Mr. Conrad with the necessary medical treatment continues to the present. Defendants continue to deny him the appropriate medications (such as Lyrica or Neurontin), as well as the other specialized medical equipment to help Mr. Conrad treat his severe neuropathy.

41.   Faced with unending and unbearable pain, along with multiple trips to the SHU and long stretches of solitary confinement if he tries to treat it himself, Mr. Conrad had no choice but to file this lawsuit.

## COUNT ONE

### Violation of the Eighth Amendment Against All Defendants

42.   Mr. Conrad incorporates all of the preceding paragraphs as if fully set forth herein.

43.    Adequate medical care for incarcerated individuals is a right protected under the Eighth Amendment. *See Inmates of Allegheny Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

44.    The United States Supreme Court has recognized a *Bivens* claim for violation of the Eighth Amendment as it relates to the denial of medical care. *Carlson v. Green*, 446 U.S. 14 (1980).

45.    By denying (and continuing to deny) to Mr. Conrad the appropriate medications (such as Lyrica or Neurontin), Defendants were deliberately indifferent to Mr. Conrad's right to adequate medical care to manage his extreme leg and foot pain.

46.    By depriving Mr. Conrad of appropriate medical equipment he needs to reduce the amount of pain radiating from his left leg and foot when he walks, Defendants were deliberately indifferent to the risk of permanent injury that Mr. Conrad faces each day he goes without special medical shoes, diabetic socks, and the physical therapy he needs.

47.    Defendants have made it nearly impossible for Mr. Conrad to do what was required in order to qualify to enter into a MAT or similar program to receive the Lyrica or Neurontin he needs to manage his pain. To do so, Mr. Conrad is supposed to be "clean" (suboxone-free), but in order to be "clean," he has to endure unimaginable pain in his left leg and foot.

48. If Defendants' motive was to reduce the amount of inmate obtained suboxone in the prison, then they would simply place additional monitoring on Mr. Conrad when he received the Lyrica or Neurontin. Doing so would have allowed Mr. Conrad to stop relying upon obtaining suboxone to manage his pain, in turn reducing the demand for inmate obtained suboxone in the prison. Instead, Defendants have sanctioned Mr. Conrad for self-medicating and placed him in solitary confinement in the SHU for months at a time.

49. Defendants' unlawful acts also unnecessarily added additional time to Mr. Conrad's sentence because each time he was placed in the SHU for failing a drug test, his "good time" that would have contributed to a shorter sentence was revoked.

50. Defendants' conduct violated the Eighth Amendment to the U.S. Constitution.

WHEREFORE, Plaintiff, David Conrad, respectfully prays that this Court enter judgment on his behalf and against Defendants in an amount sufficient to compensate Mr. Conrad for the pain and suffering he has endured as a result of Defendants' deliberate indifference to his adequate medical care, together with all interest, costs, including attorney's fees for bringing this action, and other relief to which this Court deems equitable,

just, and appropriate. Mr. Conrad further respectfully prays that this Court enter an order directing that Defendants are to provide Mr. Conrad with all of appropriate medical treatments, including but not limited to those recommended or prescribed by Dr. Ruiz when he evaluated Mr. Conrad on July 29, 2020.

Dated:  February 24, 2023                Respectfully submitted,


                                         /s/ Eric M. Hurwitz
                                         Eric M. Hurwitz
                                         Brandon M. Riley
                                         Colin J. O'Brien
                                         Amy K. Lyon
                                         STRADLEY RONON STEVENS & YOUNG
                                         LLP

                                         457 Haddonfield Road, Suite 100
                                         Cherry Hill, NJ  08003
                                         Telephone:  (856) 321-2406
                                         Facsimile:  (215) 564-8120
                                         Emails:     ehurwitz@stradley.com
                                                     briley@stradley.com
                                                     cobrien@stradley.com
                                                     alyon@stradley.com
                                         *Counsel for Plaintiff*
                                         *David Conrad*

4900183